# UNITED STATES DISTRICT COURT
## District of Connecticut

### JUDGMENT IN A CRIMINAL CASE

UNITED STATES OF AMERICA

Case No.: 3:24-cr-00157-SRU

USM No.: 26521-511

V.

Stephanie Tsay Levick, Assistant U.S. Attorney

TIMOTHY GREGORY

Daniel Murphy Erwin, Defendant's Attorney

The defendant pled guilty to Count 1 of the Indictment.

Accordingly, the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Total Counts |
|---|---|---|---|
| 18 U.S.C. §§ 933(a)(1) and 933(b) | Firearms Trafficking – Transfer | July 19, 2024 | 1 |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**
The defendant is ordered to be committed to the custody of the Federal Bureau of Prisons to be imprisoned for a period of 21 months on Count 1.

The sentence reflects a downward departure under *United States v. Fernandez*, 877 F.2d 1138, 1145 (2d Cir. 1989), the defendant and government's plea agreement, the seriousness of the offense, and Gregory's personal history and characteristics, including his lack of criminal history and his mental health. Gregory acknowledges his wrongdoings and expresses remorse for the dangerous impact he could have had on the community; however, that acknowledgement does not erase his past conduct. In sum, the sentence imposed is sufficient, but not greater than necessary, to serve the purposes of sentencing.

**SUPERVISED RELEASE**
Upon release from imprisonment, the defendant shall be placed on Supervised Release for a term of 3 years on Count 1.

The Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Conditions are imposed:

1. You must participate in a program recommended by the Probation Office and approved by the Court for mental health treatment. You must follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay all or a portion of costs associated with treatment based on your ability to pay as recommended by the probation officer and approved by the Court.

2. You must submit your person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; you must inform any other residents that the premises may be subject to searches pursuant to this condition.

3. You must undergo to a mental health evaluation conducted by a licensed clinical psychologist or psychiatrist (PhD or PsyD).

**CRIMINAL MONETARY PENALTIES**
The defendant must pay the total criminal monetary penalties under the schedule of payments as follows:

| | |
|---|---|
| **Special Assessment:** | $100.00 to be paid to the Clerk of the Court immediately |
| **Fine:** | Waived |
| **Restitution:** | NA |
| **Forfeiture:** | A Final Order of Forfeiture shall follow |

It is further ordered that the defendant will notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are paid.

The following Counts have been dismissed: Counts 2, 3, 4, 5, and 6 of the Indictment

**JUDICIAL RECOMMENDATION TO THE BUREAU OF PRISONS**
It is recommended that Gregory be transferred to a halfway house at the earliest available date.

Date of Imposition of Sentence: September 10, 2025

_____
Stefan R. Underhill, United States District Judge

Date: September 12, 2025

## CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following Mandatory Conditions are imposed as set forth by U.S.S.G. § 5D1.3(a):**

### MANDATORY CONDITIONS
(select all that apply)

(1) ■ You shall not commit another federal, state or local offense (*see* 18 U.S.C. § 3583(d)).

(2) ■ You shall not unlawfully possess a controlled substance (*see* 18 U.S.C. § 3583(d)).

(3) ☐ You shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of your legal residence (*see* 18 U.S.C. § 3583(d)).

(4) ■ You shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of your release on supervised release and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse (*see* 18 U.S.C. § 3583(d)).

(5) ☐ You shall adhere to an installment schedule to pay any fine imposed by this judgment (*see* 18 U.S.C. § 3624(e)).

(6) ■ You shall ☐ (A) make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A, or any other statute authorizing a sentence of restitution; and ■ (B) pay the assessment imposed in accordance with 18 U.S.C. § 3013. If there is a court-established payment schedule for making restitution or paying the assessment (*see* 18 U.S.C. § 3572(d)), the defendant shall adhere to the schedule.

(7) ☐ You shall register under the Sex Offender Registration and Notification Act and comply with the requirements of that Act (*see* 18 U.S.C. § 3583(d)).

(8) ■ You shall submit to the collection of a DNA sample at the direction of the United States Probation Office if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (34 U.S.C. § 40702).

### STANDARD CONDITIONS OF SUPERVISED RELEASE

As part of your Supervised Release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
(2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
(3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

(4) You must answer truthfully the questions asked by your probation officer.
(5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
(6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
(7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
(9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
(11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
(13) You must follow the instructions of the probation officer related to the conditions of supervision.

Upon a finding of a violation of Supervised Release/Probation, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____        _____
          Defendant                                Date

         _____        _____
         U.S. Probation Officer/Designated Witness    Date

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____. with a certified copy of this judgment.

                                       _____
                                       United States Marshal

                                   By  _____
                                       Deputy United States Marshal